LUBIN & ENOCH, P.C.
Nicholas J. Enoch, State Bar No. 01647
Kaitlyn A. Redfield-Ortiz, State Bar No. 030318
Stanley Lubin, State Bar No. 003076
349 North Fourth Avenue
Phoenix, Arizona 85003-1505
Telephone: (602) 234-0008
Facsimile: (602) 626-3586
Email: nick@lubinandenoch.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alejandro Pino, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>Andrew C. Jacob and Kristin Austin, husband and wife, Brian D. Lesk, a single man, and SaleSumo, LLC, a Wyoming Limited Liability Corporation,<br><br>    Defendants. | Case No.<br><br>**COLLECTIVE COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, Alejandro Pino ("Mr. Pino"), by and through his attorneys at Lubin & Enoch, P.C., brings this action for unpaid overtime wages, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

///

///

///

1

**Introduction**

1. Mr. Pino is a former employee of Defendants, Andrew C. Jacob and Kristin Austin and their company, SaleSumo, LLC (hereinafter collectively referred to as "Defendants").

2. In this lawsuit, Mr. Pino alleges that Defendants willfully contravened his right to be compensated for all overtime wages due him in accordance with the Fair Labor Standards Act, 29 U.S.C. § 207. Attached as Exhibit A is Mr. Pino's opt-in form.

**Parties**

3. Mr. Pino is currently a resident of Tucson, Arizona. During the time period relevant to this complaint, Mr. Pino resided in both Maricopa and Pima counties in Arizona.

4. Defendants employed Mr. Pino between approximately February 2015 and June 19, 2018. Mr. Pino was an "employee" of Defendants, as that term is defined by 29 U.S.C. § 203(e)(1).

5. Mr. Pino is one of approximately 50 workers employed by Defendants, during the relevant time frame, who worked in Defendants' warehouse unloading trucks and pallets of products to sell, assisting customers, and loading customers' cars with purchased items.

6. Mr. Pino alleges on behalf of himself and all other similarly-situated warehouse employees that Defendants have unlawfully failed and refused to pay them

overtime pay for hours worked over forty per week, in violation of the FLSA.  Mr. Pino and members of the putative collective action are not exempt from the FLSA.

7. Defendants Andrew Jacob and Kristin Austin (together "Defendants Jacob and Austin") are now, and at all times relevant hereto have been, husband and wife, constituting a marital community under the laws of the state of Arizona.  The acts and omissions they undertook were performed as agents and for the benefit of the marital community.

8. Upon information and belief, Defendants Jacob and Austin are residents of Phoenix, Arizona, and have been at all times relevant to this proceeding.

9. Upon information and belief, Defendant Brian D. Lesk ("Mr. Lesk") is a resident of Scottsdale, Arizona, and has been at all times relevant to this proceeding.

10. Defendants are an "employer," as that term is defined in 29 U.S.C. § 203(d).

11. SaleSumo, LLC is a Wyoming corporation, with its principal place of business at 221 North 48th Avenue, Phoenix, Arizona 85043.  According to its website, "SaleSumo is the liquidation leader in selling new, reconditioned, and certified tools and home improvement items."

12. Defendant Andrew Jacob ("Mr. Jacob") is the sole Manager of SalesSumo, LLC.  Defendants Jacob and Austin, and Defendant Jacob in particular, exercise managerial responsibilities and substantial control of the terms and conditions of the employees' work.  Among other things, Mr. Jacob is primarily responsible for hiring and

firing employees, supervising and controlling employee work schedules and conditions of employment, determining the rate and method of payment, and maintaining any employment records that may exist.

13. Mr. Lesk manages SalesSumo, LLC, exercising managerial responsibilities and substantial control of the terms and conditions of the employees' work. Among other things, Mr. Lesk is primarily responsible for hiring and firing employees, supervising and controlling employee work schedules and conditions of employment, determining the rate and method of payment, and maintaining any employment records that may exist.

14. SaleSumo, LLC is an "employer," as that term is defined in 29 U.S.C. § 203(d).

15. Upon information and belief, SaleSumo, LLC is not only influenced and governed by Defendants Jacob and Austin, but there is such a unity of interest and ownership that the individuality or separateness of SaleSumo, LLC and Defendants Jacob and Austin has ceased to exist.

16. Upon information and belief, adherence to the fiction of the separate existence of SaleSumo, LLC and Defendants Jacob and Austin would, under these circumstances, sanction a fraud or promote injustice.

17. SaleSumo, LLC is engaged in interstate commerce, and/or in the production of goods for commerce, and/or handle, sell, or otherwise work on and with goods and materials that have been moved in or produced for commerce. The enterprise's annual gross volume of sales or business done is not less than $500,000.

**Jurisdiction and Venue**

18. Because this case arises under federal law, this Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331.

19. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) because Defendants reside in and conduct business in this judicial district and because a substantial part of the acts and omission giving rise to this complaint occurred in this judicial district.

**FLSA Collective Action Allegations**

20. Mr. Pino alleges violations of the FLSA on behalf of all warehouse workers who were employed by Defendants at any point between July 27, 2015 and the present date, and who were not compensated at one-and-one-half times the regular rate for all hours worked over forty per week.

21. Mr. Pino and the warehouse workers he seeks to represent are similarly situated, worked similar hours, and were all refused overtime pay by Defendants. The warehouse workers he seeks to represent are also subject to Defendants' practice of compensating warehouse employees only for their scheduled hours of work as opposed to all hours worked.

22. Mr. Pino requests that he be permitted to serve as representative of the warehouse workers who will later consent to participate in this action and that this action be granted collective action status pursuant to 29 U.S.C. § 216(b).

23. The names and addresses of the prospective collective action members are available through Defendants. Notice will be provided to the prospective collective action members via first class mail and/or by use of techniques in a form of notice that has been customarily used in class actions, subject to court approval.

24. Defendants employed Mr. Pino from approximately February 2015 and June 19, 2018.

25. Between approximately February 2015 and July 2016, Mr. Pino worked as a warehouse employee and his, and other warehouse employees', primary responsibilities were unloading trucks and pallets of products to sell, assisting customers, and loading customers' cars with purchased items.

26. Between approximately July 2016 and June 2018, Mr. Pino worked as a Warehouse Supervisor. In addition to the duties he had as a warehouse worker, he met with Mr. Lesk and Mr. Jacob regarding the tasks that needed to be completed during each shift and delegated those tasks among the warehouse workers. Upon completion of their tasks, warehouse employees reported back to Mr. Pino the status of their projects and he delegated additional tasks to them. In addition, Mr. Pino assisted customers with their product inquiries and helped them assemble package deals. Mr. Pino was ultimately responsible for reporting the employees' progress to Mr. Lesk and Mr. Jacob.

27. Despite being called a supervisor, Mr. Pino had no managerial authority. He could not discipline, hire or fire employees or control their wages, hours, or working conditions.

28. When Mr. Pino first began work for Defendants, the warehouse was open Monday through Friday from 8:00am until 5:00pm and Saturday from 8:00am until 3:00pm. For the first three months of his employment, Mr. Pino was scheduled to work 47 hours per week, all hours the warehouse was open.

29. Mr. Pino arrived and began working 10 minutes before his scheduled start time, stayed between fifteen and twenty minutes after the end of each shift, and worked through his 30 minutes lunch break 80 percent of the time.

30. Pre- and post- shift work performed by Mr. Pino and others similarly situated is not reflected on the time sheets and was not paid.

31. In approximately June 2015, Defendants opened the store on Sunday as well, adding an additional 6 scheduled hours to his work week, for a total of 53 scheduled hours. No lunch break was offered on the weekends.

32. Between February 2015 and approximately July 2016, Mr. Pino was scheduled to work every day the business was open with no days off.

33. Between July 2016 and December 2017, Mr. Pino was permitted two consecutive days off per month.

34. Beginning in December 2017, Defendants began paying Mr. Pino and others similarly situated through a payroll system. At that point, Mr. Pino and others similarly situated were allowed two days off per week.

35. Upon hire, Defendants paid Mr. Pino $9.00 per hour. Defendants gave him steady raises, and by the end of his employment he earned $16.00 per hour.

36. Prior to December 2017, Mr. Pino and others similarly situated were paid in cash and at the straight time rate for the scheduled hours of work rather that pay them for all hours worked and at the time-and-one-half rate required by the FLSA, 29 U.S.C. § 207(a)(1) for overtime hours.

37. After December 2017, Mr. Pino was paid half of his compensation in cash and half by payroll check.  After December 2017, Mr. Pino and others similarly situated were still paid for their scheduled hours of work, rather than all hours of work, and were paid at the straight time rate rather the time-and-one-half rate required by the FLSA, 29 U.S.C. § 207(a)(1) for overtime hours.

38. Upon information and belief, Defendants withheld no taxes prior to December 2017 and only withheld taxes on the wages paid via check after that time.

39. Defendants issued Mr. Pino a W2 for his December 2017 wages in the amount of $810.00.

## First Claim for Relief

## Violation of the FLSA Overtime Compensation Standard

40. Defendants have willfully failed to properly compensate Mr. Pino for overtime hours he worked as required by 29 U.S.C. § 207.  Mr. Pino is entitled to receive compensation at a rate of one-and-one-half times the regular wage rate for any hours worked for Defendants in excess of forty hours in any week, plus liquidated damages pursuant to 29 U.S.C. § 216(b).

///

**Prayer for Relief**

Mr. Pino seeks the following relief from Defendants:

1. An award of unpaid overtime in an amount appropriate to the proof adduced at trial, pursuant to 29 U.S.C. § 207;

2. An award of liquidated damages in an amount appropriate the proof adduced at trial, pursuant to 29 U.S.C. § 216(b);

3. Pre-judgment and post-judgment interest on unpaid back wages;

4. Attorneys' fees pursuant to 29 U.S.C. § 216(b);

5. Court costs and costs of litigation pursuant to 29 U.S.C. § 216(b); and

6. Such other and further equitable relief as the Court deems just.

RESPECTFULLY SUBMITTED this 27th day of July, 2018.

                                                                                       LUBIN & ENOCH, P.C.

                                                                                       /s/ Nicholas J. Enoch  
                                                                                       Nicholas J. Enoch  
                                                                                       Attorney for Plaintiff

///

///

///

**REQUEST FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Mr. Pino demands a trial by jury on all questions raised by this Complaint.

RESPECTFULLY SUBMITTED this 27th day of July, 2018.

LUBIN & ENOCH, P.C.


/s/ Nicholas J. Enoch
Nicholas J. Enoch
Attorney for Plaintiff


**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of July, 2018, I electronically transmitted the attached Complaint to the U.S. District Court Clerk's office using the CM/ECF System for filing.

/s/ Cristina Gallardo-Sanidad