# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alejandro Pino,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Andrew C Jacob, et al.,<br><br>　　　　　Defendants. | No. CV-18-02364-PHX-DJH<br><br>**ORDER** |

　　　　Pending before the Court is the parties' Joint Motion for Settlement (Doc. 21). Therein, the parties request approval of their settlement, as is required in a Fair Labor Standards Act ("FLSA") case, however, the parties do not provide the Court with a copy of the settlement agreement. While the parties provide that "the terms of the settlement are fair and reasonable," the Court is unable to make such an assessment without reviewing the parties' settlement agreement.

　　　　"Unlike most private settlements negotiated between parties in a civil action for damages, in a FLSA case or class action, the parties *must* seek the district court's approval of the settlement's terms to ensure that it is enforceable and fair." *Juvera v. Salcido*, 2013 WL 6628039, at *3 (D. Ariz. 2013) (emphasis added); *Lopez v. Arizona Public Service Co.*, 2010 WL 1403873, at *1 (D. Ariz. Jan. 27, 2010) (quoting *Lynn's Food*, 679 F.2d at 1352–53)). The Court's role is to act not as "'caretaker but as gatekeeper . . . [to] ensure that private FLSA settlement are appropriate given the FLSA's purposes and that such settlements do not undermine the Act's purposes.'" *Juvera*, 2013

WL 6628039, at *6 (quoting *Goudie v. Cable Communications, Inc.*, 2009 WL 88336, at *1 (D. Or. 2009)).  Here, the parties failed to provide the Court with the settlement agreement, thus the Court cannot determine whether it is a fair and reasonable settlement.

Additionally, "[w]here a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1180 (S.D. Cal. 2016); *see also* 29 U.S.C. § 216(b) (providing that, in a FLSA action, the court shall "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"). Here, the parties have not provided any accounting or time records to support their fee request; therefore, the Court is unable to determine whether the requested fees and costs are reasonable.

The information provided by the parties is insufficient for the Court to determine whether the settlement agreement fairly and reasonably resolves this matter and whether Plaintiffs' counsel is being reasonably compensated.  Accordingly,

**IT IS ORDERED** that the parties' Joint Motion for Settlement Approval (Doc. 21) is **DENIED** without prejudice.

Dated this 29th day of November, 2018.

Honorable Diane J. Humetewa
United States District Judge