IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alejandro Pino,<br><br>    Plaintiff,<br><br>v.<br><br>Andrew C Jacob, et al.,<br><br>    Defendants. | No. CV-18-02364-PHX-DJH<br><br>**ORDER** |

Pending before the Court is the parties' Renewed Joint Motion for Settlement Approval (Doc. 23). Therein, the parties request approval of their Settlement Agreement, as is required in a Fair Labor Standards Act ("FLSA") case.

**I.    BACKGROUND**

Plaintiff initiated this action on July 27, 2018, with a single count complaint alleging that Defendants Andrew C. Jacob and Kristin Austin and their company, SaleSumo, LLC (collectively "Defendants") failed to pay him overtime compensation in violation of the FLSA. (Doc. 1). Plaintiff was employed by Defendant from approximately February 2015 to June 19, 2018. (*Id.* at 1). Plaintiff estimates that he is owed approximately $23,201.75 in wage compensation. (Doc. 23 at 1-2). The parties filed their first Joint Motion for Settlement Approval on November 16, 2018; however, the parties did not provide the Court with a copy of the Settlement Agreement. (Doc. 21). Accordingly, the Court denied the Motion, finding that "while the parties provide that 'the terms of the settlement are fair and reasonable,' the Court is unable to make such an assessment without reviewing the parties'

settlement agreement." (Doc. 21 at 1).

The parties have now filed a Renewed Motion, which they aver provides the Court with the necessary information to find that the Settlement Agreement was "a product of arms-length negotiation [and] that the Settlement [Agreement] provides Plaintiff[1] with substantial monetary relief that represents a reasonable compromise of the parties' dispute[.]" (Doc. 23 at 2).

## II.     LEGAL STANDARD

The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 739 (1981). In view of the inequalities in bargaining power between employees and employers, Congress made the provisions of the FLSA mandatory. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). "Unlike most private settlements negotiated between parties in a civil action for damages, in a FLSA case or class action, the parties *must* seek the district court's approval of the settlement's terms to ensure that it is enforceable and fair." *Juvera v. Salcido*, 2013 WL 6628039, at *3 (D. Ariz. 2013) (emphasis added); *see also seeking McKeen-Chaplin v. Provident Sav. Bank, FSB,* 2018 WL 3474472, at *1 (E.D. Cal. July 19, 2018) ("FLSA rights generally cannot be waived, [and therefore,] settlement of private actions for back wages pursuant to 29 U.S.C. § 216(b) must be approved by the district court."). The Court's role is to act not as "'caretaker but as gatekeeper . . . [to] ensure that private FLSA settlement are appropriate given the FLSA's purposes and that such settlements do not undermine the Act's purposes.'" *Juvera*, 2013 WL 6628039, at *6 (quoting *Goudie v. Cable Communications, Inc.*, 2009 WL 88336, at *1 (D. Or. 2009)). In reviewing a FLSA settlement, a district court must first determine whether the settlement represents a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food,* 679 F.2d at 1355.

---

[1] The Court notes that Plaintiff's Complaint contained allegations on behalf of a collective action; however, Plaintiff did not move to certify the collective action, nor does the Settlement Agreement reference settlement of claims on behalf of a collective action. Thus, the Court finds that this Settlement Agreement only addresses Plaintiff's individual claims.

- 2 -

"If the settlement reflects a reasonable compromise over issues such as FLSA coverage or computation of back wages[,] . . . the court may approve the settlement in order to promote the policy of encouraging settlement of litigation." *Fontes v. Drywood Plus, Inc.*, 2013 WL 6228652, at *5 (D. Ariz. Dec. 2, 2013); *see also Lopez*, 2010 WL 1403873, at *1 (holding a district court may approve a settlement agreement if it reflects a "reasonable compromise over the issues."). To determine whether a FLSA settlement is fair and reasonable, courts evaluate the "totality of the circumstances" within the context of the purposes of the FLSA. *Slezak v. City of Palo Alto*, 2017 WL 2688224, at *3 (N.D. Cal. June 22, 2017).

### III. DISCUSSION

#### A. Reasonableness of FLSA Settlement Agreement

The Court must first determine whether a bona fide dispute exists. A bona fide dispute exists when there are legitimate questions about "the existence and extent of Defendant's FLSA liability." *Ambrosino v. Home Depot U.S.A, Inc.*, 2014 WL 1671489, at *1 (S.D. Cal. Apr. 28, 2014). "The purpose of this analysis is to ensure that an employee does not waive claims for wages, overtime compensation, or liquidated damages when no actual dispute exists between the parties." *Slezak*, 2017 WL 2688224, at *2. Here, the Court finds that there are legitimate questions about the existence and extent of Defendants' FLSA liability, including Plaintiffs' entitlement to overtime, the appropriate method for calculating overtime hours worked, and the actual number of overtime hours worked by Plaintiff. *See Gonzalez v. Fallanghina, LLC*, 2017 WL 1374582, at *2 (N.D. Cal. Apr. 17, 2017). In light of these contending views on issues central to the case, the Court finds that this case involves a bona fide dispute.

As the Court is satisfied that a bona fide dispute exists, it must now determine whether the settlement is fair and reasonable. Here, the Settlement Agreement provides that Defendants will pay Plaintiff $20,000.00 in unpaid wages and $20,000.00 in liquidated damages, for a total settlement fund of $40,000.00. (Doc 23 at 2). The parties represent that Plaintiff estimates that his actual damages were approximately $23,201.75. (*Id.*) The

Court notes that the FLSA grants courts the discretion to award liquidated damages, in addition to unpaid wages, up to the amount specified in the FLSA based upon certain criteria. *See Vallejo v. Azteca Elec. Const. Inc.*, 2015 WL 419634, at *3 (D. Ariz. Feb. 2, 2015) ("When an employer violates [the FLSA], § 216(b) provides for payment of both unpaid wages plus an additional equal amount of liquidated damages."). Therefore, if Plaintiff were to prevail, and was awarded unpaid wages and liquidated damages, the award could be as high as $46,403.50. However, Plaintiff has multiple hurdles that he would have to overcome in order to receive an award. (Doc. 23-1). Therefore, the Court finds that the uncertainty and delay of litigation strongly support the adequacy of the settlement amount. *See Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1176 (S.D. Cal. 2016) ("The seriousness of the litigation risks also weighs in favor of approval."); *Fontes*, 2013 WL 6228652, at *8 (D. Ariz. Dec. 2, 2013) ("A settlement at this time benefits each Plaintiff with an immediate recovery, rather than enduring the risks, uncertainty, and delays of continued litigation, shortly before the year-end holidays and each Plaintiff has acknowledged on the record his belief that the proposed settlement is fair.").

Therefore, the Court finds that the settlement is fair, reasonable, and adequate and is in the best interest of Plaintiff in light of all known facts and circumstances.

**B. Reasonableness of Attorneys' Fees and Costs**

Next, the Court turns to the calculation of attorneys' fees. The FLSA has a fee-shifting provision. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). This provision is designed to allow employees access to courts without the burden of litigation costs. *See Kerzich v. County of Tuolumne*, 335 F. Supp. 3d 1179, 1188 (E.D. Cal. 2018) (listing cases discussing the purpose of the fee-shifting in FLSA cases). Attorneys' fees in FLSA cases are typically determined using the lodestar method by calculating hours expended and hourly rates. *Id*. at 1185–86. Contingency fees are permitted; however, the court must still determine the reasonableness of the fee, regardless of any contract between the plaintiffs and their attorney. *See Silva v.*

*Miller*, 307 F. App'x 349, 351–52 (11th Cir. 2009) ("To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee.")

In assessing the reasonableness of contingency fees in FLSA settlements, many courts have found it helpful to rely on the Ninth Circuit's twenty-five percent benchmark for awarding attorneys' fees in common fund cases. *See In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) ("Applying this calculation method, courts typically calculate [twenty-five percent] of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure."). However, such fee awards can range from twenty (20) percent to thirty-three and three tenths (33.3) percent. *See, e.g., Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 448 (E.D. Cal. 2013) ("The typical range of acceptable attorneys' fees in the Ninth Circuit is 20 percent to 33.3 percent of the total settlement value, with 25 percent considered a benchmark percentage."). There are factors that may warrant an upward departure from this twenty-five percent benchmark; however, "it must be made clear by the district court how it arrives at the figure ultimately awarded." *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989); *see also Gribble v. Cool Transps. Inc.*, 2008 WL 5281665, at *11 (C.D. Cal. Dec. 15, 2008) (applying *Graulty* in an FLSA case).

Here, the Settlement Agreement provides for an attorneys' fee award of $15,000. (Doc. 23-1 at 3). The parties have provided Plaintiff's attorneys' billing records and the retainer agreement between Plaintiff and his attorneys, which includes a forty (40) percent contingency fee agreement. (Docs. 23-2 and 23-3). Based on the billing records, Plaintiff's attorneys billed $10,797.50 in attorneys' fees and incurred $808.76 in costs. (Doc. 23-2 at 2-7). Additionally, using the Ninth Circuit's presumptive reasonable attorneys' fee award benchmark, the Court finds that twenty-five percent of the settlement fund would be $10,000.00.[2] Thus, the Settlement Agreement provides for an award of attorneys' fees and

---

[2] The Settlement Agreement provides that Plaintiff's total recovery is $40,000.00; thus, twenty-five percent of $40,000.00 is $10,000.00.

costs that is not only more than the actual amount of attorneys' fees billed and costs incurred, but is also significantly higher than the presumptive reasonable fee award of twenty-five percent of settlement amount. Moreover, the parties have not provided any evidence to suggest that an upward departure from the benchmark is warranted here.

After reviewing Plaintiff's attorneys' billing records, the Court finds that the hourly billing rate was reasonable, and the number of hours billed was reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Therefore, the Court will reduce the award of attorneys' fees and costs to $11,606.26, which is the actual amount of attorneys' fees billed and costs incurred.

Accordingly,

**IT IS ORDERED** that the parties' Renewed Joint Motion for Settlement Approval (Doc. 23) is **GRANTED in part** and **DENIED in part** as follows:

1.  The parties' Settlement Agreement—excluding the award of attorneys' fees and costs—is approved as fair, reasonable, and just in all respects, and the parties shall perform the Settlement Agreement in accordance with its terms; and

2.  The Court approves an awards attorneys' fees and costs in the amount of $11,606.26, which shall be distributed in accordance with the terms of the Settlement Agreement.

**IT IS FURTHER ORDERED** that this case is hereby dismissed with prejudice and the Clerk of the Court is respectfully directed to close this case.

Dated this 22nd day of May, 2019.

Honorable Diane J. Humetewa
United States District Judge